UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE PARK CHURCH OF CHRIST, <br> An Oklahoma not-for-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE TRAVELERS INDEMNITY COMPANY, <br> A Connecticut corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 21-CV-129-TCK-CDL |

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss filed by the defendant, The Travelers Indemnity Company ("Travelers"). Doc. 13. In its motion, Travelers asserts that the Petition filed by plaintiff, The Park Church of Christ (the "Church"), fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Church opposes the motion. Doc. 15.

**I. Applicable Law**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). The plausibility requirement of *Twombly* serves not only to filter those claims unlikely to succeed, but also to inform the defendant of the grounds on which the

claim against them is based. *Id.* at 1248. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). For the purpose of making the dismissal determination, a court must accept as true all the well-pleaded allegations, even if doubtful in fact, and must construct the allegations in the light most favorable to the claimant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 120, 1215 (10th Cir. 2007); *Moffett v. Haliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).

## II. Allegations of the Complaint

The Church alleges that the subject of its Petition involves claims made under insurance policies sold to Grace Fellowship Inc. ("Grace") in Tulsa County, Oklahoma, which provide property insurance coverage for losses sustained to property located in Tulsa County. Doc. 2, Ex. 1, Petition, ¶3. Grace purchased commercial insurance policies from Travelers (the "Policies") that provided insurance coverage for six buildings located at 9610 S. Garnett Road, Broken Arrow, Oklahoma 74012 (the "Insured Property"). *Id.*, ¶5. The Policies were in effect during the periods including, but not limited to, November 5, 2016 to November 5, 2017, and from November 5, 2017 to November 5, 2018. *Id.*

The insured property sustained a covered loss under the Policy as a result of wind and hail damage (the "Incidents"). *Id.*, ¶6. The Incidents caused damage and a covered loss to all of the six buildings covered by the Policies. *Id.* Grace notified Travelers of the Incidents and its claim under the Policies (the "Claim"). ¶7. Subsequently, Grace sold the Insured Property to the Church

and assigned to the Church its rights under the Policies, including all rights it had with respect to the Incidents. *Id.*, ¶8.

Travelers initially inspected the Property and determined there was a covered loss with respect to only two of the six buildings covered by the Policies: the Main Church Building and the Children's Building. *Id.*, ¶9. Travelers issued a payment totaling $145,014.18, which represented $313,661.72 replacement cost value, less $93,647.24 depreciation and a $75,000.00 deductible, and issued payment totaling $103,876.85, which represented $288,954.78 replacement cost value, less $110,077.93 depreciation and a $75,000.00 deductible. *Id.* The Church disputes the determination of alleged coverage and the propriety of these amounts. *Id.*

Subsequently Travelers incorrectly determined there was no covered loss with respect to any Buildings, and has denied the Claim under the Policies for all insured buildings. *Id.*, ¶10. Travelers also originally underpaid the Church for the Claim and covered loss to the Main Church and Children's Buildings. *Id.*, ¶11. By now denying coverage as to some of the covered buildings on the grounds that no damage occurred, and by paying on the Claim for damage to the Main Church and Children's Buildings, Travelers has waived any purported defense of failure to strictly comply with any notice of loss provision. *Id.*, ¶12.

The Church asserts claims for breach of contract and unjust enrichment, and seeks damages in excess of $75,000, as well as attorneys' fees, costs and interest as allowed under Oklahoma law. *Id.*, ¶¶13-19.

### III. Analysis

In its Motion to Dismiss, Travelers argues the Complaint failed to adequately plead facts required for a sustainable breach of contract claim, and unjust enrichment is unavailable where the plaintiff has another adequate remedy available at law.

3

### A. Breach of Contract Claim

"The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state." *Houston Gen. Ins. Co. v. Am. Fence Co., Inc.*, 115 F.3d 805, 806 (10th Cir. 1997) (applying Oklahoma insurance law). Under Oklahoma law, the insured bears the burden of showing that a loss is covered under the policy. *See U.S. Fid. And Guar. Co. v. Brisco*, 239 P.2d 754, 756 (Okla. 1952); *Pitman v. Blue Cross and Blue Shield of Oklahoma*, 217 F.3d 1291, 1298 (10th Cir. 2000). In order to recover on a breach of contract theory, a plaintiff must prove: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Digital Design Group, Inc. v. Information Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Further, the Plaintiff bears the burden of showing that a loss is covered under the policy. *See U.S. Fid. And Guar. Co. v. Briscoe*, 239 P.2d 754, 756 (Okla. 1952); *Pitman v. Blue Cross & Blue Shield of Oklahoma*, 217 F.3d 1291, 1298 (10th Cir. 2000).

The Petition alleges that:

- the Policies at issue were in effect during the periods of November 5, 2016 to November 5, 2017 to November 5, 2018;

- Grace sustained a covered loss as a result of wind and hail damage during that period, notified Travelers of the Incident and its claim under the Policies, and subsequently sold the property to the Church and assigned its rights under the Policies to the Church;

- Travelers initially inspected the property, determined there was a covered loss and ultimately issued a payment of $103,876.85.

- Subsequently Travelers incorrectly determined there was no covered loss with respect to any Buildings.

- By paying coverage on some of the buildings but now denying coverage as to the other buildings, Travelers has waived any purported defense for failure to comply with any notice of loss provision.

Accepting as true the allegations of the Complaint, the Petition states a viable claim for breach of contract, as it supports the Plaintiff's claim that the church property sustained a covered loss; Grace timely reported the loss; and Travelers investigated the claim and issued a payment pursuant to the policy.

Accordingly, the Church's Complaint states a viable claim for breach of the insurance contract.

### B. Unjust Enrichment Claim

Plaintiff's Petition also asserts a claim against Travelers for unjust enrichment. Unjust enrichment is a recognized ground for recovery in Oklahoma. *Horton v. Bank of America, N.A.*, 189 F.Supp.3d 1286, 1289 (N.D. Okla. 2016) (quoting *N.C. Corff P'ship. Ltd. v. OXY USA, Inc.*, 929 P.2d 288, 295 (Okla. Civ. App. 1996). However, [u]nder Oklahoma law a party may only recover under this theory by showing 'enrichment to another coupled with resulting injustice.'" *Id.* (quoting *Harvill v. Goodyear Tire & Rubber Co.*, 14 P.3d 1028, 11035 (Okla. 2006)). Accordingly, the claim is viable to the extent it is asserted as an alternative theory for recovery.

### IV. Conclusion

Travelers' Motion to Dismiss (Doc. 13) is denied.

Entered this 5th day of November, 2021.

TERENCE C. KERN
United States District Judge